UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL ANTHONY
HIGHTOWER, JR.,

                Plaintiff,

v.

                                    Case No. 3:25-cv-1077-MMH-PDB

MICHAEL C. NAPPI,

                Defendant.

_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, Michael Anthony Hightower, Jr., initiated this action by filing a pro se document titled "Motion for, 42 U.S.C. § 1983, Civil Action" (Doc. 1; Complaint.)[1] He names one Defendant – Chief Assistant Regional Conflict Counsel Michael C. Nappi. Id. Hightower alleges that Defendant Nappi "neglected his oath" and failed to adequately represent Hightower, while also attacking Hightower's character through slanderous and defamatory acts. Id. at 2, 3. As relief, Hightower requests monetary damages and several public apologies. Id. at 3–4.

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Initially, Hightower is advised that the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]"). The form requires a plaintiff to include detailed information regarding the defendants a plaintiff intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Hightower has neither used the approved form, nor provided the Court with all the information required by the civil rights complaint form. Nevertheless, Hightower's Complaint fails to state a plausible claim for relief.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal

_____

[2] Hightower did not submit the filing fee with his Complaint but he contends that he is indigent (see Complaint at 5); thus, the Court assumes he desires to proceed in forma pauperis.

Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id.</u> at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke</u>, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Id.</u> As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v.</u>

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Hightower's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an

otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Hightower's Complaint fails to state a plausible § 1983 claim. The United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). This principle applies to conflict counsel. Grider v. Cook, 590 F. App'x 876, 880 (11th Cir. 2014);[4] Clark v. Hilly, Case No. 3:24CV415/MCR/ZCB, 2024 WL 4982838 *2 (N.D. Fla Sept. 10, 2024).[5] Hightower's allegations involve actions Nappi took during his representation of Hightower. Accordingly, Nappi did not act under the color of state law when

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

performing those traditional functions, and thus Hightower cannot pursue a §
1983 suit against him.

As Hightower has failed to state a viable claim for relief, this case is due
to be dismissed without prejudice to Hightower's right to refile his claims
under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim
against a proper defendant if he elects to do so. Should Hightower choose to
refile, he shall use the approved form and must either pay the filing fee or file
an application to proceed in forma pauperis. To the extent that Hightower
wishes to challenge his state court conviction or sentence, such relief is
available through 28 U.S.C. § 2254.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED without prejudice.**

2.    The **Clerk** shall enter judgment dismissing this case without
prejudice, terminate any pending motions, and close the file.

3.    The **Clerk** shall send Hightower a civil rights complaint form, a
petition for writ of habeas corpus under 28 U.S.C. § 2254, and a prisoner
application to proceed in forma pauperis. If Hightower chooses to refile a
sufficiently pled claim, he may complete and submit the appropriate forms. He

should not place this case number on the forms because the Clerk will assign

a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of

October, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12

C:    Michael Anthony Hightower, Jr., #U90962